1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11

| | |
|---|---|
| THERESE VERONICA NATTY, | ) Case No. CV 14-8839-JFW (JPR) |
| Plaintiff, | ) |
| vs. | ) ORDER DISMISSING ACTION FOR ) FAILURE TO PROSECUTE AND FAILURE ) TO STATE A CLAIM |
| ERIC HOLDER et al., | ) |
| Defendants. | ) ) ) |

Plaintiff filed pro se her civil-rights complaint on December 3, 2014, after the Court granted her leave to proceed in forma pauperis. On December 16, 2014, the Magistrate Judge dismissed the Complaint with leave to amend because it failed to state a claim against any Defendant.

On January 12, 2015, Plaintiff filed a First Amended Complaint, and on February 2, the Magistrate Judge again dismissed the complaint with leave to amend because it still failed to state a claim against any Defendant and because venue in this district was likely improper. She expressly warned Plaintiff that if she failed to file a sufficient second amended

complaint by March 2, 2015, her lawsuit would be subject to dismissal for the reasons stated in the order and for failure to prosecute. To date, Plaintiff has not filed an amended complaint.

<u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. <u>See also</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In determining whether to dismiss a pro se plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (internal quotation marks omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth <u>Carey</u> factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for her failure to file a second amended complaint. Thus, she has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as Plaintiff's original and first amended complaints fail to

state a claim and venue is likely improper in this district. Thus, the Court cannot proceed with either complaint or effectively manage its docket. Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).[1]

---

[1] Because Plaintiff has failed to prosecute this action, the Court declines to transfer it to the Eastern District of California, where venue likely lies. See 28 U.S.C. §§ 1391(b), 1406(a).

**ORDER**

Accordingly, this action is dismissed under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and for the reasons outlined in the Magistrate Judge's December 16, 2014 and February 2, 2015 orders.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 3/24/15

JOHN F. WALTER
U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge

---

[2] Plaintiff's December 3, 2014 request for service by the U.S. Marshal is denied as moot.